JOHNSON v. BAUGH & SONS CO.

(District Court, E. D. Pennsylvania. November 14, 1893.)

No. 35.

1. SHIPPING—WHARFAGE—CHARTER PARTY—CONSTRUCTION.

A stipulation in a charter party that cargoes are "to be brought to and taken from alongside, at charterer's risk and expense, and, should there be any lighterage or wharfage, this to be also for charterer's account," makes the charterer, or the consignee, (who stands in his place,) responsible for wharfage in unloading, as well as in loading.

2. SAME—ADMISSION OF MASTER—WHAT CONSTITUTES.

Where, under the proper construction of a charter party, the consignee is liable for wharfage, the fact that the master, immediately after unloading, affixes his name to the wharfage bill, is not an admission of liability as between himself and the consignee, when he denies liability at the time, and it appears that such signature is necessary to a settlement between the consignee and charterer, as a certification that the wharfage charge is correct in amount.

3. SETTLEMENT—PAYMENT OF ADMITTED SUM TO CLERK.

One who pays money admitted to be due to the creditor's clerk, knowing that the clerk is without authority to accept the same as settlement in full, is not thereby freed from liability for a further disputed amount.

In Admiralty. Libel by Nicholaus O. Johnson, master of the bark Barranca, against the Baugh & Sons Company to recover freight. Decree for complainant.

John Q. Lane, for libelant.

J. Warren Coulston and Alfred Driver, for respondent.

BUTLER, District Judge. The respondent was consignee of a cargo carried by libelant to Philadelphia. The suit is for balance of freight—$125. The defense is payment. The freight, as per charter, was $2,418.56, of which $2,293.56 were paid—$125 being retained on account of wharfage, and $97.80, for services furnished the vessel. The latter sum is not in dispute. If the charter does not exempt libelant from charges for wharfage the retention on that account was proper. In my judgment it does exempt him. Its terms, in this respect, are: "The cargoes to be brought to and taken from alongside, at charterer's risk and expense, and, should there be any lighterage or wharfage this to be also for charterer's account;" that is to say, the charterer will bring the merchandise to and take it from the vessel's side. The argument intended to show that this language applies only to *laoding* is far from satis-

factory. The terms apply as distinctly to unloading as to loading. It is common language in charters, and must receive the usual interpretation. If a charterer wishes to avoid the consequences he must not use the language. The vessel was entitled to necessary wharfage unless the consignee chose to receive the cargo in lighters. The latter method would be more expensive, and he therefore ordered her into dock. He is under the same obligation for wharfage as he is for freight. He stands in the charterer's place respecting both. His bill of lading is drawn subject to the charter, and both instruments were delivered to him at the same time, before the cargo arrived. He has the same remedy against the charterer for repayment of the one as for the other.

The respondent further contends, however, that the libelant admitted responsibility for the wharfage, and paid it. If this is so the settlement should stand. The proofs do not, however, show it to be so. They show that the master wrote his name on the bill directly after unloading; but this signified no more than that the wharfage charged was correct in amount. He distinctly denied liability to pay it, at the time. The acknowledgment was doubtless necessary to a settlement between respondent and the charterer. He subsequently went in company with Wesenberg & Co.'s clerk to collect the freight, and when payment was declined (without the deduction claimed) he again denied liability and left. The clerk afterwards called, accepted a check for $2,293.56, receipted for the freight, and received a receipted bill for the wharfage, saying, in effect, at the same time, (and it is immaterial whether before or after the check was delivered,) that the master would not be satisfied, but would hold the respondent liable for the balance retained. He had no authority to do more than receive and receipt for the check—which was for an amount admitted to be due. The receipt for wharfage did not reach libelant. If the respondent had supposed the clerk's authority extended further, and delivered the check in consequence, the fact would be unimportant. It was his plain duty to pay this sum, in any event. He admitted it to be due, and could not properly retain it to coerce payment of his bill, nor for any other purpose. If misled he was not misled to his disadvantage, and could not complain, therefore, even if libelant was responsible for the clerk's conduct. But he was not misled. The libelant's repeated denial of liability for wharfage before, and the clerk's declaration at the time, that the master would hold him liable for the money retained, precluded misunderstanding.

The libel must be sustained, and a decree be entered accordingly.